UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **PAUL KERMIT ANGELLE** | **CASE NO.  6:20-CV-01684** |
| **VERSUS** | **JUDGE JUNEAU** |
| **GALLOWAY JEFCOAT L L P ET AL** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

### REPORT AND RECOMMENDATION

Now before this Court are motions to dismiss pursuant to Fed. R. Civ. P. 12 (b)(1) or, alternatively, pursuant to Rule 12(b)(6) filed by defendants Carpets & Draperies, Inc. and Marlon Francis. (Rec. Docs. 5, 10). These motions were referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. These motions are unopposed. Having reviewed not only the motions, but the entire record, this Court finds that dismissal under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6) are appropriate.

Plaintiff, Paul Kermit Angelle, filed a Complaint on December 21, 2021 using a *pro se* form and naming various defendants, including movants herein. (Rec. Doc. 1). Plaintiff lists diversity as the basis for jurisdiction but goes on to specify that he is a Louisiana resident, as are all three (3) named defendants in the suit. (*Id.* at p. 3). Thus, under 28 U.S.C. § 1332(a), the requirements for diversity jurisdiction are not

1

met. Moreover, as argued by both motions before this Court, Plaintiff's statement of the claim lists only "insurance fraud" as a cause of action, giving no indication of the amount in controversy or of any additional jurisdictional bases. (*Id.* at p. 4).

Finding no basis upon which this Court may assume jurisdiction, this Court finds that dismissal without prejudice is appropriate at this point, given this Plaintiff's *pro se* status.

For the reasons discussed herein, the Court recommends that the motions filed by both defendants be GRANTED and, accordingly, that Plaintiff's claims against all defendants be DENIED and DISMISSED without prejudice. (Rec. Docs. 5, 10).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual

findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

    THUS DONE in Chambers, Lafayette, Louisiana on this 9th day of April, 2021.

                                                _____
                                                PATRICK J. HANNA
                                                UNITED STATES MAGISTRATE JUDGE